**UNITED STATES of America,**

v.

**Toni Ann GRANELLO, Defendant.**

**No. SSS 86 Cr. 201 (VLB).**

United States District Court, S.D. New York.

Feb. 2, 1995.

Gerald J. McMahon, New York City, for defendant.

Peter B. Sobol, Asst. U.S. Atty., New York City, for U.S.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Defendant Toni Ann Granello pleaded guilty to narcotics offenses and was sentenced on November 25, 1986 to ten (10) years imprisonment and a special parole term of life. She had no prior criminal record and her behavior while in custody has been praised by the prison authorities. On December 28, 1988 her prison term was reduced from ten (10) to seven (7) years pursuant to Fed.R.Cr.P. 35. She was released to a halfway house in January 1991 and has obtained full-time employment, and was released from halfway house to home detention in June, 1991. Home detention has now been lifted.

1. Although travel restrictions remain, no requests for travel have been denied.

2. See W. Glasser, *Reality Therapy* (1973); see generally Peters, "The Process of Responsible

The remaining obligations imposed by the current level of supervision of Ms. Granello are limited. She is not required to pay costs of supervision, and the sole significant burdens imposed on her are to report to a probation officer once a month and to avoid improper behavior.[1]

### II

Through counsel, Ms. Granello now seeks early termination of parole. Her praiseworthy efforts toward overcoming her past errors deserve recognition. It is important to encourage those who show progress by reducing burdensome restrictions which must be imposed on those who require it.[2]

A monthly visit to an officer with the same goals as she is not, however, an undue burden or necessarily counterproductive. Professional advice from a probation officer without cost may, indeed, be helpful rather than burdensome.

While lifetime probation may not be necessary, the interest of Ms. Granello as well as the objectives of the relevant statutes warrant reserving decision on the current application at this time, without prejudice to renewal after an additional one year or if undue hardship can be established.

SO ORDERED.

Decision: Observations on the Jurisprudence of Professor [Harry W.] Jones, 28 Catholic UL Rev 199 (Summer 1993).